872 P.2d 665

**In the Matter of a Member of the State Bar of Arizona, Rowland St. John STEVENS, Respondent.**

**No. SB–94–0034–D.**
**Comm. No. 93–0821.**

Supreme Court of Arizona.

April 12, 1994.

Yigael M. Cohen, State Bar Counsel, and Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, Phoenix, for the State Bar.

**JUDGMENT AND ORDER**

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that **ROWLAND ST. JOHN STEVENS,** a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against **ROWLAND ST. JOHN STEVENS** for costs incurred by the State Bar of Arizona in the amount of $249.20, together with interest at the legal rate from the date of this judgment.

EXHIBIT A

**BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA**

Comm. No. 93–0821

In the Matter of

ROWLAND ST. JOHN STEVENS,

a Member of the State

Bar of Arizona,

RESPONDENT.

*DISCIPLINARY COMMISSION REPORT*

[Filed Feb. 12, 1994.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on December 11, 1993, on an agreement for discipline by consent, pursuant to Ariz. R.S.Ct., Rule 56(a). The agreement, providing for censure, was tendered prior to the issuance of a formal complaint, and was reviewed by the Commission without referral to a hearing committee or officer, pursuant to Rule 53(b).[1]

*Decision*

After review of the record in this matter, a concurrence of the eight members of the

---

1. Rule 56(a) provides that a respondent may tender a conditional admission of a charge in exchange for a stated form of discipline other than disbarment. Rule 53(b) further provides

that when an agreement for discipline is filed prior to the issuance of a formal complaint, it shall be submitted directly to the Commission for review.

Commission present[2] recommends acceptance of the agreement for discipline by consent providing that the respondent, Rowland St. John Stevens ("Stevens"), be censured. The Commission also unanimously adopts the tender of conditional admissions and agreement for discipline by consent and the joint memorandum in support of the agreement for discipline by consent as its findings of fact and conclusions of law.

## Facts

Stevens was suspended from the practice of law from February 22, 1993, until March 10, 1993. The basis for the suspension was that he failed to file his affidavit of compliance with the Mandatory Continuing Legal Education requirements of Rule 45, Ariz. R.S.Ct. Stevens had intentionally failed to file the affidavit, as he planned to challenge Rule 45 in federal court.[3] Shortly after his suspension, however, Stevens decided not to pursue this course of action, and he filed his completed MCLE affidavit on March 2, 1993. He was reinstated on March 10, 1993.

On or about March 1, 1993, a long-standing client contacted Stevens and asked him to assist her grandson in an undisputed post-dissolution matter. Stevens agreed and on March 3, 1993, one day after filing his completed MCLE affidavit, appeared in court on behalf of the grandson in the post-dissolution matter. Stevens thereafter prepared the post-dissolution decree for the court's signature on March 5, 1993.

Stevens made the court appearance and prepared the post-dissolution decree knowing that his license to practice law in Arizona was suspended. He was also aware, however, that when he represented these clients he had already filed his affidavit of compliance with Rule 45. Stevens has since apologized to the court for his conduct.

Stevens and the State Bar conditionally agree that Stevens' conduct violated ER 5.5 and Supreme Court Rule 51(e).

## Discussion of Decision

The Commission agrees that, by practicing law while under suspension, Stevens violated ER 5.5, which prohibits the unauthorized practice of law. It also finds a violation of Supreme Court Rule 51(e), which provides that willful violation of a court order requiring a lawyer to refrain from doing some act connected with his profession is grounds for a finding of misconduct.

In determining the appropriateness of a disciplinary sanction, the Commission finds it helpful to review the American Bar Association's *Standards for Imposing Lawyer Sanctions*. This is the guideline used by the Supreme Court. *In re Rivkind*, 164 Ariz. 154, 791 P.2d 1037, 1040 (1990).

Standard 7.0 addresses violations of duties owed as a professional, which includes the duty to avoid the unauthorized practice of law. Standard 7.2 provides for suspension when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system. Standard 7.3 provides for reprimand (censure in Arizona) when that conduct is done negligently, rather than knowingly. Finally, Standard 7.4 provides for admonition (informal reprimand in Arizona) when a lawyer engages in an isolated of negligence in determining whether his conduct violates a duty owed as a professional, and causes little or no actual or potential injury. All three Standards can be applied to Stevens' conduct.

Stevens has admitted to knowing he was suspended when he represented the client in the post-dissolution matter. However, the Commentary to Standard 7.2 refers to "knowing" in terms of deceptive conduct. In this instance, Stevens was not attempting to deceive anyone. Rather, when he appeared in court, he knew that he had already applied to the Supreme Court for reinstatement by filing his MCLE affidavit, and that he had completed all of the requirements dictated by Rule 45. At that point, he believed that his suspension was only a "technicality," as he

---

2. *Commissioner Greer did not participate in these proceedings.*

3. Stevens has indicated that he needed an actual order of suspension as his basis to go before the federal court.

knew his reinstatement was forthcoming. The absence of a deceptive motive leads the Commission to conclude that a suspension would be inappropriately harsh under these circumstances.

On the other hand, while Stevens' conduct appears to be an isolated instance of negligence, as provided in Standard 7.4, the Commission believes that an informal reprimand is an inadequate sanction for any conduct involving the unauthorized practice of law, regardless of the circumstances. While one goal of lawyer discipline is to protect the public and the profession, *In re Kersting*, 151 Ariz. 171, 726 P.2d 587 (1986), another is to deter the respondent and other attorneys from engaging in similar unethical conduct, *In re Kleindienst*, 132 Ariz. 95, 644 P.2d 249 (1982). The Commission believes that the imposition of a private informal reprimand for such conduct would do nothing to deter others from similar behavior.

The Commission concludes that a censure, therefore, is appropriate.

A review of Standards 9.22 and 9.32, which list factors to be considered in aggravation and mitigation, respectively, also indicates that a censure is appropriate. Only one aggravating factor, as listed in Standard 9.22, is present; Stevens has substantial experience in the practice of law, having been admitted to the Arizona bar in 1967. However, in light of the fact that he has no prior disciplinary history, the Commission considers this more in the nature of mitigation. Many of the mitigating factors actually listed in Standard 9.32 are present, as well. As indicated, Stevens has no prior disciplinary history; he had no dishonest or selfish motive; he has been fully cooperative throughout these disciplinary proceedings, agreeing to the recommended form of discipline prior to the issuance of a formal complaint, and responding immediately and fully to the State Bar's inquiries into this matter; and he has shown remorse, as evidenced by his apology to the judge before whom he appeared while suspended.

As additional mitigation, Stevens explained that the request for assistance came from a long-standing client who needed his help. Stevens knew all the parties involved, he knew that the matter was uncontested, and he knew that all that was needed was someone who could mediate their discussion and organize the matter for the court to ultimately handle. In addition, Stevens reiterates that his suspension was not the result of a client's complaint or misconduct, but rather was the result of his choice not to file his MCLE affidavit, on principle. The Commission considered these factors in mitigation.

The unauthorized practice of law is a serious ethical violation, and one that would usually result in a suspension, at least. However, the Commission believes the circumstances in this matter are unique. Stevens was suspended for less than three weeks, and that suspension was not the result of misconduct in handling a client matter. Further, at the time he represented these clients, Stevens had already applied to the Court for reinstatement by filing his MCLE affidavit. In addition, only one potential aggravating factor is present, while the mitigating factors abound.

Upon consideration of the unusual situation presented, as well as the considerable mitigation, the Commission has determined that a public censure is appropriate in this matter, and will fulfill the purpose of lawyer discipline by protecting the public and the profession, as well as deterring the respondent and other attorneys from engaging in similar unethical conduct.

RESPECTFULLY SUBMITTED this 12th day of February, 1994.

/s/ Steven L. Bossé
Steven L. Bossé, Chair
Disciplinary Commission